UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALLVOX, LLC<br><br>                              Plaintiff,<br><br>        -against-<br><br>LIMECOM INC.,<br><br>                              Defendant. | Case No.: 19-CV-6300<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Callvox, LLC (hereinafter "Plaintiff" or "Callvox"), by and through its attorney, Law Office of Adam Kotok, P.C., as and for his Complaint against Limecom Inc. (hereinafter "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract, unjust enrichment, and account stated under the laws of the State of New York. As set forth in more detail below, Defendant has plainly failed to honor its obligations to pay Plaintiff under the Reciprocal Carrier Services Agreement, entered into between Plaintiff and Defendant, ("the Agreement"), even after acknowledging payment was due, and further engaging in a pattern of bad faith conduct by promising to pay in order to further induce Plaintiff to continue to provide services. Accordingly, Plaintiff seeks recovery of damages and other relief that the court may deem just and proper.

## PARTIES

2. Plaintiff is a limited liability company, formed and existing under the laws of New York State, with a registered address at 330 West 38th Street, Suite 1406, New York, New York 10018.

3. On information and belief, Defendant is a corporation incorporated and existing under the laws of the State of Florida, with its principal offices located at 407 Lincoln Road, Miami Beach, Florida 33139.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, excluding interests and costs and Plaintiff and Defendant are citizens of different states.

5. For purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership. *Handelsman v. Bedford Vill. Assoc.*, 213 F.3d 48, 51-52 (2d Cir. 2000).

6. Plaintiff's sole member is a citizen of the State of New York.

7. Defendant is a citizen of the State of Florida under 28 U.S.C. § 1332(c).

8. The Parties have expressly consented through contractual agreement to *in personam* jurisdiction and venue in this Court, of which said Agreement Section 22 states:

> Any civil action or legal proceeding arising out of or relating to this Agreement … shall be brought and heard only in a state or federal court located in New York City, New York. . . . The Parties consent to jurisdiction in any state or federal court located in New York City, New York in any civil action or other legal proceeding arising out of or relating to this Agreement.

## FACTUAL ALLEGATIONS

9. Callvox and Defendant are providers of telecommunication services.

10. The Parties entered into the Agreement on or about April 26, 2016 for certain telecommunications services, namely the connection and transmittal of international telephone calls and users of Plaintiff's and Defendant's telecommunication services.

11. The Parties' services were provided and received in accordance with the rates, as established between the parties as provided in Section 4(c) of the Agreement, as follows:

| Destination | Rate in USD | Rate in Euro | Effective Date |
|---|---|---|---|
| Sierra Leone Mobile Africell | 0.36725161 | 0.319362 | May 11, 2016 |
| Tunisia Mobile Orange | 0.53659154 | 0.46662 | May 11, 2016 |
| Sri Lanka Mobile MTN | 0.12427553 | 0.10807 | May 13, 2016 |

12. Callvox provided services to Defendant in compliance and in accordance with the Agreement.

13. Defendant received and utilized said services.

14. The Agreement's Section 6, entitled Payment Terms, set out billing terms and late fees. It states, "The Parties hereby acknowledge that charges … shall be billed every fifteen (15) days. . . . Late Payments shall be assessed a late charge of 1.5% per month or the maximum amount permitted by law, whichever is less."

15. Plaintiff issued the first Invoice No. 2018-0500139 to Defendant for the amount €71,214.39 for services provided between May 1, 2016 and May 15, 2016, for which Defendant provided payment of €22,725.40.

16. Plaintiff issued second Invoice No. 2018-0600033 to Defendant for the amount €104,881.08 for services provided between May 15, 2016 to May 30, 2016, for which Defendant provided payment of €8,956.20.

17. Defendant has failed to pay Plaintiff the full and complete amount due on the invoices for the services provided in May 2016.

18. On May 30, 2016, the total amount due was €104,881.08, upon which the late fee of 1.5% had been added monthly.

19. Plaintiff issued invoices to Defendant in monthly intervals.

20. Defendant has not objected or disputed the invoices and accounts provided in the manner required by the Agreement, Section 8 ("Should either Party dispute any of the charges on the

invoice, it shall notify the other Party of the disputed charges not later than seven (7) days from the date of the invoice. Said dispute shall set forth in writing all details concerning the disputed charges.").

21. On or about April 1, 2018, Defendant paid Plaintiff €19,000.00 in partial payment of its balance due under the Agreement.

22. After Defendant's payment on April 1, 2018, the total amount due was €170,904.24, upon which the late fee of 1.5% accrues monthly and is duly invoiced.

23. On several occasions, Defendant acknowledged the debt in writing and promised to make payments on the balance.

24. Upon information and belief, such promises were made by Defendant in bad faith, only to induce Plaintiff to continue to render services to Defendant under the Agreement.

25. Defendant has not made a payment on the written acknowledgements and timelines he provided.

26. Accordingly, the outstanding balance is now in the amount of $230,429.63.[1]

## FIRST CLAIM FOR RELIEF
### (Breach of Contract or, alternatively, Unjust Enrichment)

27. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 26 above and incorporates them by reference.

28. The Parties, for valuable consideration, entered into a valid and enforceable contract for the procurement of certain telecommunications services, namely the connection and transmittal of international telephone calls and users of Plaintiff's and Defendant's telecommunication services.

29. Plaintiff performed for Defendant in accordance with the terms the Agreement.

---

[1] Calculated using prevailing exchange rates for the relevant period.

30. Defendant failed to pay the full and complete amounts for the services it received from Plaintiff.

31. As a result of Defendant's breaches, Plaintiff has been damaged in an amount to be determined at trial, but no less than $230,429.63.

32. Additionally, Plaintiff provided services to Defendant in reliance upon Defendant's promises to compensate Plaintiff.

33. Defendant was enriched, at Plaintiff's expense, with telecommunication services.

34. The reasonable value of those services are the rates agreed to, as provided for in the Agreement, and as cited in paragraph 11 of this Complaint.

35. It against equity and good conscience to allow Defendant to retain the benefits it received from Plaintiff without properly compensating Plaintiff.

36. Accordingly, Plaintiff is entitled to an amount equal to, but no less than, $230,429.63 due to Defendant's breach of contract or, in the alternative, unjust enrichment.

## SECOND CLAIM FOR RELIEF
**(Account Stated)**

37. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 36 above and incorporates them by reference.

38. Plaintiff provided Defendant with an invoice at regular monthly intervals.

39. The invoices included the late fee of 1.5% of monthly charges.

40. Defendant has not objected to or disputed the invoices and accounts provided in the manner required by the Agreement, Section 8 as stated in paragraph 20.

41. Accordingly, Plaintiff is entitled to the amount set forth in the invoices provided to Defendant, in an amount no less than $230,429.63.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. Entry of judgment in favor of Plaintiff against Defendant on all claims for relief in an amount no less than $230,429.63;

2. Interest thereon and costs, including reasonable attorneys' fees, each to the full extent provided by law; and

3. Any and all other legal and equitable relief that this Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands a jury trial for all triable issues.

Dated: July 8, 2019                                              Respectfully submitted,

                                                                 **Law Office of Adam Kotok, P.C.**

                                                    By:    /s/ Adam Kotok
                                                           Adam Kotok
                                                           5701 Mosholu Avenue, 2nd Fl
                                                           Riverdale, New York 10471
                                                           347-765-2460 x. 101
                                                           adam@kotoklaw.com
                                                           *Attorney for Plaintiff Callvox LLC*